UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>    Plaintiff,<br><br>    v.<br><br>SALAH ALI DEUMAH, et al.,<br><br>    Defendants. | Case No. 22-cv-04032-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 11, 13 |

    The motion to dismiss is granted. While Castillo-Antonio's allegations suffice for purposes of constitutional standing, they fail to state a claim upon which relief can be granted.[1]

    The defendants bring a factual, rather than facial, attack on jurisdiction. In resolving such a challenge, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). But a factual jurisdictional dismissal is inappropriate when "'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983); *see also In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F. Supp. 3d 767, 788–89 (N.D. Cal. 2019). That is the case here, and so the Court considers the defendants' jurisdictional challenge only as a facial attack.

    The defendants argue that Castillo-Antonio has not alleged an injury-in-fact for purposes

---

[1] This order assumes the reader's familiarity with the facts of the case, the relevant law, and the parties' arguments.

of Article III standing. Castillo-Antonio's allegations are not a model of concreteness or particularity. But standing is construed broadly in civil rights cases. *See Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205, 209 (1972). Castillo-Antonio's allegations resemble allegations that the Ninth Circuit has recently deemed sufficient for purposes of constitutional standing. *See, e.g.*, *Whitaker v. Panama Joes Investors LLC*, 840 F. App'x 961, 963 (9th Cir. 2021); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021).

Castillo-Antonio alleges that he is "severely limited in the use of his legs." He alleges that he visited the defendants' business on a specified date, and that the allegedly noncompliant parking conditions caused him "difficulties in finding a safe place to park, safely exit his vehicle, and reach and access the entrance safely." He alleges that "[t]his . . . caused [him] legitimate concern for his own safety as he got out of his vehicle and entered the facility." He also alleges that the service counter was too tall (over 36 inches) and not wide enough (less than 36 inches long), and that it was obstructed by objects on the floor in front of it, which "caused [him] to have to reach forward with difficulty." These allegations identify specific barriers related to his physical disability that denied him equal access to the business when he encountered them. This is enough to establish an actual, concrete, and particularized injury. *See Whitaker*, 840 F. App'x at 963.

Castillo-Antonio also alleges that he lives only four or so miles from the defendants' establishment, that he frequently travels in that direction for business and pleasure, that he intends to return to the establishment, and that he was deterred from returning on July 7 because of the ongoing existence of these barriers. This is enough to establish a likelihood of recurring harm for purposes of standing to seek injunctive relief.

But that is largely the extent of the factual content pleaded in the complaint. The rest of the allegations consist mostly of legal conclusions and lengthy statutory quotations, not facts. For starters, the complaint could do more to allege the specific deficiencies of each barrier. *See Whitaker*, 840 F. App'x at 963–64. The allegations regarding the parking space consist of a string of citations to the California Building Code and the United States Access Board

Accessibility Guidelines, with parentheticals describing what each subsection prohibits but without clearly alleging whether (or how) the parking space violates each subsection. And the sole allegation about the ATM is that there is insufficient clear floor space before it. But the complaint provides no specific factual content to support that allegation. Are there objects in the way? Is the ATM tucked away in a tight corner?

The complaint also fails to adequately allege that Castillo-Antonio encountered these barriers. The complaint does not contain a single allegation that Castillo-Antonio attempted (or even intended) to use the allegedly noncompliant ATM. (The generic, catch-all allegation that "Plaintiff himself encountered the architectural barriers described herein" does not remedy this deficiency.) And while the complaint offers more than that with respect to the parking and service counter violations, it still fails to allege sufficient factual content as to Castillo-Antonio's encounters with those barriers.

For example, Castillo-Antonio alleges that the noncompliant parking conditions made it difficult for him to "safely exit his vehicle." But he provides no description or explanation as to why or how it was difficult for him to safely exit the vehicle. Was it difficult because he drives (or is driven in) a wheelchair-accessible van, and he did not have adequate clearance to safely lower the wheelchair on a ramp or lift? Was it difficult because the ground was uneven, which made rolling his wheelchair or balancing on his walker too challenging?

Finally, and crucially, Castillo-Antonio does not allege with any specificity the nature of his disability or the type of mobility device he relies on. He alleges that he is "severely limited in the use of his legs." Does that mean that he is wheelchair-bound? Can he get by on a walker? Does he require a service animal? Without details of this sort, Castillo-Antonio fails to adequately allege that the specified barriers relate to his physical disability in such a way that he was denied access when he encountered them. This is especially so given how inadequately the specific deficiencies of each barrier are alleged.

For example, if the parking were noncompliant only in that it lacked sufficient clearance for a wheelchair ramp or lift, and Castillo-Antonio relied on a walker instead, these allegations

3

would fail to state a claim that he was denied access due to the specified barrier because his ability to park and enter the store would not have been impacted by the lack of clearance to lower a wheelchair.[2]

The complaint is dismissed with leave to amend. The amended complaint is due 21 days from the date of this order, and any response from the defendants is due 21 days from the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: December 6, 2022

VINCE CHHABRIA
United States District Judge

---

[2] In support of his opposition to the defendants' motion, Castillo-Antonio filed a declaration, which states in part that he uses a wheelchair. But Castillo-Antonio must overcome a motion to dismiss on the strength of well-pleaded facts in the complaint.